# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA LATHAM,<br><br>                    Plaintiff,<br><br>          v.<br><br>GIPSON, *et al.*,<br><br>                    Defendants. | Case No.  1:24-cv-01428-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 2)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joshua Latham ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on November 21, 2024, together with a motion to proceed *in forma pauperis*.[1]  (ECF Nos. 1, 2.)

Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

---

[1] Plaintiff originally attempted to file his complaint by mail.  (ECF No. 1, p. 50.)  That filing was returned on November 14, 2024 because Plaintiff's institution participates in the Court's E-Filing program.  The complaint was then scanned at CDCR and emailed on November 20, 2024.  (*Id.* At 1.)

1

physical injury."[2]

The Court has reviewed Plaintiff's complaint[3] and finds that his allegations do not satisfy the imminent danger exception to section 1915(g). *Andrews v. Cervantes*, 493 F.3d 1047, 1053−55 (9th Cir. 2007). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." *Blackman v. Mjening*, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger or insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998).

Plaintiff alleges that ISU officers at multiple institutions conspired together to retaliate against Plaintiff for filing grievances regarding the officers' use of "CDCR's statewide microwave weapon torture device" to assault Plaintiff's internal organs, control Plaintiff's speech, thoughts, and movements, use Plaintiff's eyes and ears as listening devices and cameras, and to control the thoughts and emotions of Plaintiff's family and friends. Plaintiff alleges that he was repeatedly found guilty of Rules Violation Reports for the use of "obscene, demeaning, or abusive language" in his grievances, and these RVRs were used to deny him parole. Plaintiff alleges that the use of the microwave weapon, and the associated retaliation, occurred over a period of several years, beginning in October 2022 to the present. Plaintiff was also retaliated against through a false diagnosis of schizophrenia based on his filing grievances about the microwave weapon, and involuntarily medicated pursuant to court orders. (ECF No. 1.)

///

---

[2] The Court takes judicial notice of the following United States District Court cases: (1) *Latham v. Does*, Case No. 3:20-cv-00354-JLS-BGS (S.D. Cal.) (dismissed on June 10, 2020 as frivolous); (2) *Latham v. Pollard*, Case No. 3:20-cv-02419-AJB-RBM (S.D. Cal.) (dismissed on December 17, 2020 as duplicative) (*see Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (a dismissal of a duplicative case filed by a prisoner proceeding *in forma pauperis*, qualifies as a dismissal as frivolous or malicious)); (3) *Latham v. Cal. Dep't of Corr. & Rehab*, Case No. 3:22-cv-00842-MMA-MSB (S.D. Cal.) (dismissed on June 14, 2022 as frivolous).

The Court also takes judicial notice of the following United States Court of Appeals case: *Latham v. Does*, Case No. 20-55644 (9th Cir.) (dismissed on April 27, 2021 as frivolous).

[3] Although the Court has reviewed the entirety of Plaintiff's complaint, at this time it does not rule on Plaintiff's motion to exceed the page limitation of the Court's E-Filing Procedures. (ECF No. 1, pp. 2–4.)

1    The Court finds Plaintiff's allegations regarding the use of a covert "microwave weapon
2    torture device" to be frivolous and therefore insufficient to support a finding of imminent danger.
3    *See Andrews*, 493 F.3d at 1057 n. 11 ("assertions of imminent danger of less obviously injurious
4    practices may be rejected as overly speculative or fanciful, when they are supported by
5    implausible or untrue allegations that the ongoing practice has produced past harm") (citations
6    omitted); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2009) ("Courts also deny leave to
7    proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous.")
8    (citations omitted); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (refusing to find
9    "imminent danger" based on "conclusory assertions that defendants were trying to kill [the
10   inmate] by forcing him to work in extreme weather conditions despite his blood pressure
11   condition"); *K'napp v. Beard*, 2014 WL 584404, at *2 (E.D. Cal. Feb. 12, 2014), adopted, 2014
12   WL 1034000 (E.D. Cal. Mar. 17, 2014) (conclusory allegations of "retaliation, harassment,
13   indifference, discrimination, oppression and abuse" insufficient); *Holz v. McFadden*, 2010 WL
14   3069745, at *3 (C.D. Cal. May 21, 2010), adopted, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010)
15   ("[M]erely alleging that the government is going to murder you is not enough to pass through the
16   gateway of the imminent danger exception to § 1915(g).").

17   Based on the allegations in the complaint, Plaintiff has failed to allege that he was in any
18   imminent danger of serious physical injury at the time the complaint was filed. Plaintiff has not
19   satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must
20   pay the $405.00 filing fee if he wishes to litigate this action.

21   Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a
22   District Judge to this action.

23   Further, it is HEREBY RECOMMENDED that:

24   1.  The motion to proceed *in forma pauperis*, (ECF No. 2), be DENIED, pursuant to 28
25       U.S.C. § 1915(g); and
26   2.  Plaintiff be ORDERED to pay the $405.00 initial filing fee in full to proceed with this
27       action.

28   ///

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by CM/ECF document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 2, 2024**              /s/ Barbara A. McAuliffe            
                                    UNITED STATES MAGISTRATE JUDGE

4